UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANTHONY MONTE,

    Plaintiff,

v.                                                                               CASE NO: 8:23-cv-00855

CITY OF TAMPA,

    Defendant.
_____/

# COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, ANTHONY MONTE, (hereinafter "Monte," or "Plaintiff"), by and through the undersigned counsel, hereby files this Complaint and Demand for Jury Trial against Defendant, CITY OF TAMPA (hereinafter "CITY OF TAMPA" or "Defendant") and states the following:

## JURISDICTION AND VENUE

1. This is an action brought pursuant to the Florida Civil Rights Act of 1992, as amended, §760.01 *et seq.,* Fla. Stat. ("FCRA"), the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §12101, *et seq.* ("ADA"), and the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1140.

2. This Court has subject matter jurisdiction over these claims as Plaintiff states a claim for damages under the ADA. The Court may assert supplemental

1

jurisdiction over the state law claim. All administrative prerequisites have been satisfied, exhausted, waived or excused.

3. This Court has personal jurisdiction over Defendant CITY OF TAMPA because at all times related it has been organized and in existence within Hillsborough County, Florida, within this District.

4. Venue is proper in the US District Court for the Middle District of Florida under 28 USC §1391 because the events giving rise to Plaintiff's claim occurred in this judicial district.

## PARTIES

5. Plaintiff, ANTHONY MONTE, resides in Hillsborough County, Florida.

6. At all times material, Plaintiff was an employee of Defendant, CITY OF TAMPA.

7. Defendant, CITY OF TAMPA, operates the Tampa Police Department in Tampa, in Hillsborough County, Florida.

8. At all times material, Defendant, CITY OF TAMPA, has been organized and in existence within Hillsborough County.

9. At all times material hereto, Defendant, CITY OF TAMPA, was an "employer" within the meaning of the Americans with Disabilities Act, the Florida Civil Rights Act and the Employee Retirement Income Security Act.

## ADMINISTRATIVE PREREQUISITES

10. Plaintiff has satisfied all pre-suit requirements necessary for filing this action.

11. On January 27, 2023, Plaintiff received a Notice of Suit Rights granting him permission to file suit in this matter.

## GENERAL ALLEGATIONS

12. ANTHONY MONTE worked as Police Officer for the CITY OF TAMPA from 2009 until 2022.

13. In 2019 Officer Monte became a Master Patrolman. He was a member of a motorcycle patrol squad.

14. On February 27, 2020, Officer Monte was severely injured on the job in a motor vehicle accident while attempting to intercept a possible stolen vehicle while in his motor vehicle. The collision caused permanent injury to his lumbar spine.

15. Officer Monte returned to work on March 4, 2020, while still in pain and worked until a date in April at which point, he became temporarily incapacitated due to the injury.

16. Officer Monte sought treatment and returned to light duty in June 2020.

17. In August 2020, while performing rehabilitation exercises under the instruction of a physical therapist, Officer Monte suffered a reinjury to his lumbar

spine that caused a loss of sensation in his right leg and a loss of mobility due to foot drop resulting from a nerve impingement.

18. On December 9, 2020, Officer Monte underwent surgery to repair the injury to his lumbar spine.

19. On May 1, 2021, Officer Monte returned to light duty under Sergeant James Reiser. Officer Monte also applied for Medical Retirement as a result of his medical condition.

20. The S.M.A.R.T. course is a motorcycle safety course offered to civilians and hosted by the Tampa Police Department Motorcycle Unit. The intent of the course is to introduce the civilian motorcycling public to riding techniques that would enhance their safety and riding abilities. The Course is led by one or two instructors, but several officers are given the opportunity to help out in various ways. All of the officers that participate in the S.M.A.R.T. course are paid for their time and most earn overtime for their shift.

21. Following his return to work in May 2021, Officer Monte asked Sgt. Reiser if he could work the S.M.A.R.T. course as an assisting Officer as he had in the past. Though some of the Officer-Instructors rode motorcycles to demonstrate techniques, several more officers simply worked the class on foot and taught the participants and provided one-on-one instruction without physically getting on a

motorcycle. Officer Monte was more than capable of assisting participants in the course by providing one-on-one instruction despite his disability.

22. In response to Officer's Monte's request for permission to work the S.M.A.R.T. course, Sgt. Reiser denied his request and told Officer Monte that it wouldn't look good for him to work overtime given that he had applied for Medical Retirement.

23. On May 27, 2021, Officer Monte' physician determined that he had reached maximum medical improvement from his spine injury and would be disabled and limited to not lifting any items over 50 lbs.

24. Following the doctor's determination that his only limitation was against lifting something over 50 lbs., Officer Monte again asked Sgt. Reiser if he could work overtime. Sgt. Reiser again denied his request, citing Officer Monte's back injury.

25. Officer Monte then asked Lieutenant, Alex Theil, if there was a reason he was not permitted to work overtime. Lt. Theil said he didn't have a problem with him working overtime but explained that he would need to get permission from Sgt. Reiser.

26. Officer Monte then met with Sgt. Reiser to explain that Lt. Theil had told him that he did not object to his working overtime if Sgt. Reiser was okay with it. Sgt. Reiser became upset at this and immediately left the meeting to go speak with

Lt. Theil. Lt. Theil then contacted Officer Monte and informed him that he would not be permitted to work any overtime because of his back injury and application for Medical Retirement.

27. In July 2021, Officer Monte again asked if he could work overtime for jobs that were within his physical work restrictions. Sgt. Reiser again denied his request to work overtime.

28. On August 26, 2021, Corporal Matt Belmonte asked Officer Monte if he could assist with a photo pack. Officer Monte could have easily performed this task within his doctor's restrictions but to do so would have required that he work overtime. Officer Monte asked Sgt. Reiser if he could work overtime to assist with the photo pack, but Sgt. Reiser denied him this request under the general bar from working overtime because of his disability.

29. On June 22, 2022, the City of Tampa approved Officer Monte's application for Discharge due to Medical Disability. He had not been permitted to work any overtime in the year leading up to his medical retirement.

30. Officer Monte's retirement pension was calculated based on a formula that included the amount of overtime wages he earned in his final year of work as a Police Officer. This is true for all retiring Police Officers for the Tampa Police Department. Because Sgt. Reiser had not permitted him to work overtime in the past year, this overtime component was calculated at zero.

31. If Officer Monte had been permitted to work overtime in his final year as a Police Officer, he reasonably estimates that he would have worked 250 hours of overtime in the prior year at $70.56 per hour and earned $17,640.00 doing so. This would have resulted in an increase to his annual pension benefit of $11,466.00 (65% of the overtime wages earned in his final year).

32. Because Officer Monte was prohibited from working overtime in his last year, he was not only denied the income he would have received in that final year, but also subjected to a massive reduction in the value of his annual pension benefit. Officer Monte's monthly pension payment has been reduced by nine hundred fifty-five and Dollars forty-six cents ($955.46) as a result of Sgt. Reiser's and the City of Tampa's refusal to let him work overtime in his last year as a Police Officer.

33. At all times material hereto, Defendant exhibited a deliberate indifference to the disability discrimination suffered by Officer Monte.

34. Monte has suffered damages because of discrimination based on disability and his application for retirement benefits while working as an employee of the CITY OF TAMPA.

35. Monte has incurred costs and attorney's fees in bringing this action.

## COUNT I

## DISCRIMINATION BASED ON
## DISABILITY IN VIOLATION OF THE ADA

36. Monte realleges the allegations put forth in Paragraphs one (1) through thirty-five (35) as if set forth fully herein.

37. This is an action against the CITY OF TAMPA for discrimination based on disability brought under the ADA.

38. The ADA makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment based on that person's disability or perceived disability.

39. Monte is protected by the ADA as a person with a disability.

40. Monte has satisfied all procedural and administrative requirements set forth in the ADA.

41. The CITY OF TAMPA's denials of his repeated requests to work overtime, were based on his disability or perceived disability.

42. Sergeant Reiser said in his own words that he would not allow Officer Monte to work any overtime because of his back injury and his application for Medical Retirement.

43. The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's continued employment with Defendant. The events complained of herein resulted in adverse action against Officer Monte.

44. The unlawful employment practices complained of above were intentional and done with the express purpose of discriminating against Officer Monte because of his disability.

45. Monte was injured due to Defendant's violations of the ADA, for which Plaintiff is entitled to legal and injunctive relief.

46. As a direct, natural, proximate and foreseeable result of the CITY OF TAMPA's actions, Plaintiff has suffered loss of pay and loss of future income in the form of a significant reduction in his pension benefits for the remainder of his life. Plaintiff has suffered and will continue to suffer irreparable injury in the form of mental and emotional distress caused by Defendant's conduct described herein.

**WHEREFORE**, Plaintiff, Anthony Monte, respectfully invokes the remedial powers of this Court as provided in the Americans with Disabilities Act and prays for a judgment:

A. Awarding Plaintiff back pay and damages for all employment benefits he would have received but for the discriminatory acts and practices of Defendant CITY OF TAMPA;

B. Awarding Plaintiff front pay as compensation for the reduction in Plaintiff's pension;

C. Awarding Plaintiff compensatory damages against Defendant CITY OF TAMPA;

D.  Awarding reasonable attorney's fees and costs incurred in this action; and

E.  Ordering such additional equitable relief as is proper and just.

## COUNT II

### DISCRIMINATION BASED ON DISABILITY IN VIOLATION OF THE FCRA

47. Monte realleges the allegations put forth in Paragraphs one (1) through thirty-five (35) as if set forth fully herein.

48. This is an action against the CITY OF TAMPA for discrimination based on disability brought under the FCRA.

49. The FCRA makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment based on that person's disability or perceived disability.

50. Monte is protected by the FCRA as a person with a disability.

51. Monte has satisfied all procedural and administrative requirements set forth in the FCRA.

52. The CITY OF TAMPA's denials of his repeated requests to work overtime, were based on his disability or perceived disability.

53. Sergeant Reiser said in his own words that he would not allow Officer Monte to work any overtime because of his back injury and his application for Medical Retirement.

54. The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's continued employment with Defendant. The events complained of herein resulted in adverse action against Officer Monte.

55. The unlawful employment practices complained of above were intentional and done with the express purpose of discriminating against Officer Monte because of his disability.

56. Officer Monte was injured due to Defendant's violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

57. As a direct, natural, proximate and foreseeable result of the CITY OF TAMPA's actions, Plaintiff has suffered loss of pay and loss of future income in the form of a significant reduction in his pension benefits for the remainder of his life. Plaintiff has suffered and will continue to suffer irreparable injury in the form of mental and emotional distress caused by Defendant's conduct described herein.

**WHEREFORE**, Plaintiff, Anthony Monte, respectfully invokes the remedial powers of this Court as provided in the Florida Civil Rights Act and prays for a judgment:

A. Awarding Plaintiff back pay and damages for all employment benefits he would have received but for the discriminatory acts and practices of Defendant CITY OF TAMPA;

B.  Awarding Plaintiff front pay as compensation for the reduction in Plaintiff's pension;

C.  Awarding Plaintiff compensatory damages against Defendant CITY OF TAMPA;

D.  Awarding reasonable attorney's fees and costs incurred in this action; and

E.  Ordering such additional equitable relief as is proper and just.

## COUNT III

### DISCRIMINATION FOR THE PURPOSE OF INTERFERING WITH THE ATTAINMENT OF BENEFITS
### ERISA, 29 U.S.C. § 1140

58. Monte realleges the allegations put forth in Paragraphs one (1) through thirty-five (35) as if set forth fully herein.

59. Defendant sponsored an employee benefit plan for its employees that covered Monte during his employment with Defendant.

60. The Plan is the City of Tampa Pension Fund for Firefighters & Police Officers and is issued pursuant to the requirements of ERISA.

61. The Plan was offered by Defendant to provide employee retirement benefits.

62. Monte, who is a beneficiary under the plan, is bringing this action to recover compensation for Defendant's discrimination against him for the purpose of interfering with his retirement benefits under the plan.

63. Sgt. Reiser's act of prohibiting Officer Monte from working overtime because of his pending application for medical retirement was an act of discrimination that Sgt. Reiser took to reduce Officer Monte's retirement pension benefit.

64. Monte is also seeking to enjoin any similar violations from occurring in the future.

65. Defendant took specific action to intentionally discriminate against Monte because of his application for medical retirement and in doing so interfered with his ability to collect ERISA benefits.

66. Defendant intentionally prohibited Monte from working overtime in his final year to reduce the value of his retirement pension.

67. The unlawful employment practices complained of above were intentional and done with the specific purpose of interfering with Officer Monte's ERISA benefits.

68. As a direct, natural, proximate and foreseeable result of the CITY OF TAMPA's actions, Plaintiff has suffered loss of back pay and loss of front pay in the form of a significant reduction in his pension benefits for the remainder of his life.

**WHEREFORE**, Plaintiff, Anthony Monte, respectfully invokes the remedial powers of this Court as provided in the Employee Retirement Income Security Act and prays for a judgment:

A.   Awarding Plaintiff back pay and damages for all employment benefits he would have received but for the unlawful practices of Defendant CITY OF TAMPA;

B.   Awarding Plaintiff equitable relief in the form of front pay commensurate with the projected reduction in Plaintiff's pension benefit over the expected course of his lifetime;

C.   Requiring Defendant to modify Plaintiff's pension benefits to equitably address Defendant's interference with Plaintiff's accrual of ERISA benefits;

D.   Awarding reasonable attorney's fees and costs incurred in this action; and

E.   Ordering such additional equitable relief as is proper and just.

### DEMAND FOR TRIAL BY JURY

Plaintiff respectfully requests a trial by jury.

Dated this 19th day of April 2023.

                                                */s/ Gary L. Printy, Jr.*
                                                GARY L. PRINTY, JR. Esq.
                                                Florida Bar No. 41956
                                                Printy & Printy, P.A.
                                                3411 W Fletcher Ave, Ste A
                                                Tampa, Florida 33618

(P): (813) 434-0649
(F): (813) 423-3722
garyjr@printylawfirm.com
*Attorney for Plaintiff*
*ANTHONY MONTE*