UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANTHONY MONTE,

    Plaintiff,

v.

                                                                   Case No:  8:23-cv-00855-JLB-SPF

CITY OF TAMPA,

    Defendant.
_____/

## ORDER

This cause comes before the Court on Defendant City of Tampa's Motion for Summary Judgment (Doc. 43) as to Plaintiff Anthony Monte's disability discrimination claims (Doc. 12).[1] After careful review of the Complaint, the parties' briefing, and the entire record, the Court **GRANTS** Defendant's Motion and enters summary judgment in favor of the City of Tampa.

## BACKGROUND

The following facts are undisputed. Plaintiff was hired in January of 2009 by Defendant as a police officer and joined the Tampa Police Department's Motorcycle Unit about two years later. (Doc. 43-1; Doc. 45-2 at ¶ 1; Doc. 43-6 at 5; Doc. 45-4 at 7). On February 27, 2020, Plaintiff injured his lumbar spine in a motor vehicle

---

[1] This Court has subject-matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331, providing that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States," and 28 U.S.C. § 1367, providing district court's supplemental jurisdiction over claims so related to claims in the action within original jurisdiction.

accident. (Doc. 45-2 at ¶ 3; Doc. 43-11 at 4–7; Doc. 45-4 at 13). In August of 2020, Plaintiff aggravated his injury, causing limb weakness and loss of mobility from nerve impingement. (*See* Doc. 45-4 at 13–14, 17–19, 47. As a result, the last day Plaintiff worked in a full duty capacity was September 14, 2020. (*See* Doc. 43-8 at 21–31; Doc. 43-9; Doc. 43-10). From September 15, 2020, through May 1, 2021, Plaintiff was on a workers' compensation leave of absence. (Doc. 43-8 at 21–31; 43-9 at 1–9; Doc. 45-2 at ¶ 6). Following spinal surgery, Plaintiff informed his physician that his pain increases when sitting, walking, and standing, and that he understood he was unable to return to his work as a police officer. (Doc. 45-4 at 69–70). In April 2021, Plaintiff applied for medical retirement. (Doc. 45-2 at ¶ 5; Doc. 45-4 at 22). The following month, Plaintiff returned to the Tampa Police Department on light-duty assignment in consideration of his physician's restriction that he not lift over 15 pounds and alternate between sitting, standing, and walking every 30 minutes. (Doc. 43-11 at 3; Doc. 43-9 at 9–25; Doc. 43-10; Doc. 45-2 at ¶ 5).

A short time later, Plaintiff's physician concluded that he had reached maximum medical improvement. (Doc. 43-11 at 12). The Agreement between the City of Tampa and the Tampa Police Benevolent Association, Inc., to which Plaintiff was bound, provides that an employee who reaches maximum medical improvement may return to work on a light-duty assignment in lieu of workers' compensation leave of absence. (Doc. 43-5 at 98). The provision allows the employee to work on a light-duty assignment for a maximum of 12 months, at which point the employee is terminated unless he or she is physically able to return to full duty, voluntarily

resigns, or retires. (*Id.* at 98, 53). Plaintiff opted to work on a light-duty assignment from May 2021 until his application for medical disability retirement was approved on June 22, 2022. (Doc. 43-9 at 9–25; Doc. 43-10; Doc. 45-2 at ¶ 8; Doc. 43-16; Doc. 43-17). Despite being assigned light-duty work, Plaintiff's job position remained police officer. (Doc. 43 at 2; Doc. 45-4 at 14, 23, 26).

While assigned light duty, Plaintiff began requesting to work overtime and teach a motorcycle safety course conducted by the Motor Unit so he could increase his monthly pension payment. (Doc. 45-2 at ¶¶ 10–14, 17; Doc. 45-4 at 16, 24, 32, 34–35). Plaintiff's Amended Complaint alleges that Defendant denied him these opportunities because of his disability. (Doc. 12). Plaintiff brings parallel claims against Defendant, alleging disability discrimination pursuant to the Americans with Disabilities Act (ADA) and the Florida Civil Rights Act (FCRA). (Doc. 12 at ¶¶ 38–63); 42 U.S.C. § 12101; Fla. Stat. § 760.10.[2] Defendant moved for summary judgment (Doc. 43), and Plaintiff responded (Doc. 45).

## LEGAL STANDARD

Summary judgment is appropriate when the movant can show that there is no genuine issue of material fact, and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "A district court must grant a motion for

---

[2] The Amended Complaint also contains a third claim against Defendant, alleging discrimination for the purpose of interfering with the attainment of benefits under the Employee Retirement Income Security Act of 1974 (ERISA). (Doc. 12 at ¶¶ 64–74). In his response to Defendant's summary judgment motion, however, Plaintiff concedes that the ERISA claim cannot succeed because government plans, such as the City of Tampa's Pension Fund for Firefighters and Police Officers, are explicitly excluded from ERISA. (Doc. 43 at 23–25; Doc. 45 at 18); 29 U.S.C. §§ 1003(b), 1002(32).

3

summary judgment only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Essex Ins. Co. v. Barrett Moving & Storage, Inc.*, 885 F.3d 1292, 1299 (11th Cir. 2018) (citation and internal quotation marks omitted). "An issue of fact is 'material' if, under the applicable substantive law, it might affect the outcome of the case" and "[a]n issue of fact is 'genuine' if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party." *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1259 (11th Cir. 2004) (citations omitted).

The moving party "has the burden of either negating an essential element of the nonmoving party's case or showing that there is no evidence to prove a fact necessary to the nonmoving party's case." *McGee v. Sentinel Offender Servs., LLC*, 719 F.3d 1236, 1242 (11th Cir. 2013). If that burden is met, the non-moving party must "go beyond the pleadings and by [his] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (internal quotations omitted). Unsupported conclusions and factual allegations are insufficient to create a genuine issue of material fact. *Ellis v. England*, 432 F.3d 1321, 1326 (11th Cir. 2005).

In reviewing a motion for summary judgment, a court must "view the evidence in the light most favorable to the non-moving party and resolve all

reasonable doubts about the facts in favor of the non-movant." *Kroma Makeup EU, LLC v. Boldface Licensing + Branding, Inc.*, 920 F.3d 704, 707 (11th Cir. 2019).

## DISCUSSION

Plaintiff alleges that Defendant discriminated against him on the basis of his disability by denying his requests to work overtime while he held a "light duty" position, in violation of the ADA and FCRA. (*See generally* Doc. 12). Because "claims under the [FCRA] are analyzed under the same framework as ADA claims," the Court considers these claims together. *D'Angelo v. ConAgra Foods, Inc.*, 422 F.3d 1220, 1224 n.2 (11th Cir. 2005).

To establish a disability discrimination claim, Plaintiff must show that "(1) he is disabled; (2) he is a qualified individual; and (3) he was subjected to unlawful discrimination because of his disability." *Holly v. Clairson Indus., L.L.C.*, 492 F.3d 1247, 1255–56 (11th Cir. 2007). Defendant moves for summary judgment on the grounds that Plaintiff is not a qualified individual within the meaning of the ADA and, even if he were, Plaintiff cannot establish that he was subjected to unlawful discrimination. (Doc. 43 at 15–22). Upon careful consideration, the Court agrees that Plaintiff is not a qualified individual.

"To show that []he is a qualified individual, a plaintiff must show that []he can perform the essential functions of the employment position that []he holds with or without reasonable accommodations." *Ivey v. First Quality Retail Serv.*, 490 F. App'x 281, 285 (11th Cir. 2012) (citing *Holly*, 492 F.3d at 1256). "If the individual is unable to perform an essential function of his job, even with an

5

accommodation, he is, by definition, not a 'qualified individual' and, therefore, not covered under the ADA. In other words, the ADA does not require the employer to eliminate an essential function of the plaintiff's job." *D'Angelo*, 422 F.3d at 1229 (quotation omitted) (cleaned up).

Plaintiff was hired by Defendant as a police officer. (Doc. 43-1; Doc. 45-2 at ¶ 1; Doc. 43-6 at 5; Doc. 45-4 at 7). Following his injury, Plaintiff could no longer perform the essential functions of that position—a fact which Plaintiff concedes. (Doc. 43-18 at 2; Doc. 43-11 at 7; Doc. 43-16; Doc. 43-17; Doc. 45-4 at 22–23). Instead, Plaintiff argues that "he could perform the essential functions of t[he] *light duty position*." (Doc. 45 at 2, 12) (emphasis added). But the light-duty position was not Plaintiff's permanent job—it was a temporary assignment. After reaching maximum medical improvement, Plaintiff chose a light-duty assignment in lieu of workers' compensation leave of absence. (Doc. 43-9 at 9–25; Doc. 43-10; Doc. 45-2 at ¶ 8; Doc. 43-16; Doc. 43-17). This light-duty assignment was not to exceed 12 months, at which point Plaintiff was required to medically retire unless he could perform the essential functions of a police officer. (Doc. 43-5 at 53, 98). To be sure, Plaintiff does not make any argument that this temporary assignment constituted a different, permanent position altogether; instead, he remained in his role as a police officer with certain restrictions due to his injury. In other words, even though Plaintiff was on light-duty assignment, his permanent position at all times was that of a police officer.

Indeed, Plaintiff admits that the light-duty assignment was temporary and

that his job position remained that of a police officer throughout his employment with Defendant. (Doc. 43 at 2; Doc. 45-4 at 14, 23, 26). Instead, he argues that the temporary nature of the position is irrelevant because his discrimination claims arose only during the time he was on a light-duty assignment. (Doc. 45 at 2). In support, Plaintiff points to *Howell v. Michelin Tire Corp.*, 860 F. Supp. 1488, 1492 (M.D. Ala. 1994) for the proposition that though an employee in a temporary light-duty position may not be entitled to permanent extension of that position, the employee is nonetheless protected from discrimination while in the temporary role. (Doc. 45 at 12–13). Upon review of *Howell*, however, it is clear that it never addressed whether an employee in a temporary position is entitled to protection under the ADA. Instead, *Howell* exclusively analyzed whether reassignment to a temporary light-duty position constitutes a reasonable accommodation. *See Howell*, 860 F. Supp. at 1492. Thus, *Howell* is not instructive in this regard.

Accordingly, the position in question for the purpose of evaluating whether Plaintiff was a "qualified individual" under the ADA is the police officer position and not the temporary light-duty assignment. *See Patterson v. City of Melbourne*, 669 F. Supp. 3d 1204, 1230 (M.D. Fla. 2023) (rejecting plaintiff's argument that he was a qualified individual under the ADA because he could perform the essential functions of his light duty position because "the need to remain on light duty, per se, mean[s] that [p]laintiff could not perform the essential functions of his job"); *Sidaris v. Runyon*, 967 F. Supp. 1260, 1268 n.3 (M.D. Ala. 1997) (finding that "the position in question for terms of evaluating the [p]laintiff's . . . status is the [permanent]

position and not the [p]laintiff's light-duty position"); *Allen v. Georgia Power Co.*, 980 F. Supp. 470, 477 (N.D. Ga. 1997) ("Plaintiff's ability to perform these 'light duty' tasks does not indicate that Plaintiff can perform all the essential functions of the position of electrician. Indeed, the fact that Plaintiff had to be placed on 'light duty' status shows that Plaintiff was unable to perform all the essential functions of the position electrician . . . ."); *Malabarba v. Chicago Trib. Co.*, 149 F.3d 690, 697–98 (7th Cir. 1998) (holding that the relevant question is whether the plaintiff can perform the essential functions of his permanent job position—not the functions of a temporary light duty assignment).  As previously stated, the parties agree that Plaintiff was unable to perform the essential functions of a police officer.  (Doc. 45 at 11–12; Doc. 43-18 at 2; Doc. 43-11 at 7; Doc. 43-16; Doc. 43-17; Doc. 45-4 at 22–23).  Therefore, Plaintiff is not a qualified individual under the ADA or the FCRA.

## CONCLUSION

Accordingly, Defendant's Motion for Summary Judgment (Doc. 43) is **GRANTED**.  The Clerk of Court is **DIRECTED** to enter judgment accordingly, deny any pending motions as moot, terminate all deadlines, and close the case.

**ORDERED** in Tampa, Florida, on December 19, 2025.

_____
JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE