UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANTHONY MONTE,

        Plaintiff,

v.

                                   Case No:  8:23-cv-00855-JLB-SPF

CITY OF TAMPA,

        Defendant.

_____/

## **ORDER**

This case concerns disability discrimination claims brought by Plaintiff Anthony Monte against Defendant City of Tampa.  (*See* Doc. 12).  Specifically, Plaintiff alleged that Defendant discriminated against him on the basis of his disability by denying requests to work overtime while on "light duty."  (*Id.*). Defendant moved for summary judgment as to all claims.  (Doc. 43).  The Court granted the motion in favor of Defendant and against Plaintiff, finding that Plaintiff was not a qualified individual under the Americans with Disabilities Act (ADA) and the Florida Civil Rights Act (FCRA).  (Doc. 50 at 5–8).  Now before the Court is Plaintiff's Motion for Reconsideration.  (Doc. 53).  Upon careful review, the Court **DENIES** the Motion for Reconsideration.

## **BACKGROUND**

Plaintiff worked as a police officer for the City of Tampa in the motorcycle unit beginning in January 2009.  (Doc. 43-1; Doc. 45-2 at ¶ 1; Doc. 43-6 at 5; Doc. 45-4 at 5).  In February 2020, Plaintiff sustained a severe spinal injury.  (Doc. 45-2

at ¶ 3; Doc. 43-11 at 4–7; Doc. 45-4 at 13).  As a result, the last day Plaintiff worked in a full duty capacity was September 14, 2020.  (See Doc. 43-8 at 21–31; Doc. 43-9; Doc. 43-10).  Indeed, Plaintiff informed his physician that his pain increases when sitting, walking, and standing, and that he understood he was unable to return to his work as a police officer.  (Doc. 45-4 at 69–70).  Eventually, Plaintiff's physician concluded that Plaintiff had reached maximum medical improvement.  (Doc. 43-11 at 12).

An agreement between Defendant and the Tampa Benevolent Association, Inc., allows an employee who reaches maximum medical improvement to return to work on light-duty assignment for up to 12 months in lieu of workers' compensation leave of absence.  (Doc. 43-5 at 98).  Once the 12 months are over, the employee is terminated unless he is physically able to return to full duty, voluntarily resigns, or retires.  (*Id.* at 53, 98).  Plaintiff opted to work on a light-duty assignment from May 2021 until his application for medical disability retirement was approved on June 22, 2022.  (Doc. 43-9 at 9–25; Doc. 43-10; Doc. 45-2 at ¶ 8; Doc. 43-16; Doc. 43-17).

In an effort to increase his pension, Plaintiff requested to work overtime and to teach the motorcycle safety course for the Motor Unit while he was working in a light duty capacity.  (Doc. 45-2 at ¶¶ 10–14, 17; Doc. 45-4 at 16, 24, 32, 34–35).  Plaintiff's Amended Complaint brought disability discrimination claims under the ADA and FCRA, alleging that Defendant denied his requests because of his disability.  (Doc. 12).  Defendant moved for summary judgment (Doc. 43), and the Court granted the motion in favor of Defendant.  (Doc. 50).

Plaintiff now moves for reconsideration of the Court's Order granting summary judgment. (Doc. 53). Defendant responds in opposition. (Doc. 54).

## LEGAL STANDARD

Federal Rule of Civil Procedure 59(e) allows a party to move to alter or amend judgment within 28 days after its entry. The decision to grant a motion for reconsideration is within the sound discretion of the Court and will not be overturned absent abuse of that discretion. *Region 8 Forest Serv. Timber Purchasers Council v. Alcock*, 993 F.2d 800, 806 (11th Cir. 1993). The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1369 (S.D. Fla. 2002) (citation omitted). "[T]he moving party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Id.*

## DISCUSSION

Plaintiff first argues that the Court committed a manifest error of law by not analyzing his discrimination claim in the context of his light-duty position. (Doc. 53 at 2). Not so. Plaintiff does not dispute that his job position remained police officer throughout his employment with Defendant—including while he was assigned light duty. (Doc. 43 at 2; Doc. 45-4 at 14, 23, 26). And the parties agree that Plaintiff could not perform the essential functions of a police officer. (Doc. 45 at 11–12; Doc. 43-18 at 2; Doc. 43-11 at 7; Doc. 43-16; Doc. 43-17; Doc. 45-4 at 22–23). Accordingly, the Court concluded that Plaintiff was not a qualified individual under the ADA or

FCRA because he could not perform the essential functions of his job as a police officer.  (Doc. 50 at 7–8) (citing *Patterson v. City of Melbourne*, 669 F. Supp. 3d 1204, 1230 (M.D. Fla. 2023) (rejecting plaintiff's argument that he was a qualified individual under the ADA because he could perform the essential functions of his light duty position because "the need to remain on light duty, per se, mean[s] that [p]laintiff could not perform the essential functions of his job"); *Sidaris v. Runyon*, 967 F. Supp. 1260, 1268 n.3 (M.D. Ala. 1997) (finding that "the position in question for terms of evaluating the [p]laintiff's . . . status is the [permanent] position and not the [p]laintiff's light-duty position"); *Allen v. Georgia Power Co.*, 980 F. Supp. 470, 477 (N.D. Ga. 1997) ("Plaintiff's ability to perform these 'light duty' tasks does not indicate that Plaintiff can perform all the essential functions of the position of electrician. Indeed, the fact that Plaintiff had to be placed on 'light duty' status shows that Plaintiff was unable to perform all the essential functions of the position electrician . . . ."); *Malabarba v. Chicago Trib. Co.*, 149 F.3d 690, 697–98 (7th Cir. 1998) (holding that the relevant question is whether the plaintiff can perform the essential functions of his permanent job position—not the functions of a temporary light duty assignment)).

In support, Plaintiff cites to *Howell v. Michelin Tire Corp.*, 860 F. Supp. 1488, 1492 (M.D. Ala. 1994), for the proposition that an employee in a temporary light duty position is protected from discrimination while in the temporary role.  (Doc. 53 at 2–3).  The Court considered this non-binding case in its Order on the Motion for Summary Judgment and concluded that *Howell* discussed only whether

4

reassignment to a temporary light-duty assignment constitutes a reasonable accommodation—not whether an employee in a temporary position is entitled to protection under the ADA. (Doc. 50 at 7). Plaintiff also relies on a press release from the Equal Employment Opportunity Commission (EEOC) on a case brought by the EEOC against United Airlines stating that a policy barring employees from overtime work discriminates against employees with disabilities. (Doc. 53 at 3; Doc. 53-1). A press release is not binding on this Court. In fact, the press release announces a settlement between the parties; in other words, Plaintiff is not offering legal precedent *at all*, binding or otherwise. (*See* Doc. 53-1). Thus, this is not "law of a strongly convincing nature." *See Burger King Corp.*, 181 F. Supp. 2d at 1369.

Next, Plaintiff argues that the Court improperly resolved factual disputes. (Doc. 53 at 3–4). Specifically, Plaintiff contends that the Court resolved whether Defendant had created a new position of light duty police officer. (*Id.*). Again, the Court noted that it was undisputed that Plaintiff's job position remained police officer throughout the duration of his employment with Defendant. (Doc. 50 at 6–7) (citing Doc. 43 at 2; Doc. 45-4 at 14, 23, 26). Also undisputed was that the light duty assignment was temporary and that, at the end of 12 months, he would be terminated or must retire unless he could physically perform the essential functions of a police officer. (Doc. 43-5 at 53, 98). Plaintiff does not dispute that he was unable to perform the essential functions of a police officer. (Doc. 45 at 11–12; Doc. 43-18 at 2; Doc. 43-11 at 7; Doc. 43-16; Doc. 43-17; Doc. 45-4 at 22–23). Further, Plaintiff offered no evidence of any official job position for a "light duty police

5

officer." *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (The opponent of a motion for summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts."); *see also Evanston Ins. Co. v. Via Ent., LLC*, No. 5:19-CV562-OC-30PRL, 2020 WL 5995665, at *4 (M.D. Fla. Oct. 6, 2020) (finding no genuine dispute of material fact where defendant "d[id] not point the Court to any evidence that would raise a genuine material dispute"); *U.S. ex rel. Barker v. Tidwell*, No. 4:12-CV-108 (CDL), 2015 WL 3505554, at *5 (M.D. Ga. June 3, 2015) ("Because [plaintiff] did not point to *any* evidence to create a genuine fact dispute on this point, [defendant] is entitled to summary judgment[.]" (emphasis in original)).

Further, the argument presented by Plaintiff in response to the summary judgment motion was that "[i]f an employer has a vacant light-duty position for which a disabled employee is qualified, it is reasonable to accommodate that employee by assigning him to that position." (Doc. 45 at 12) (citing *Howell*, 860 F. Supp. at 1492). Here, however, there was no *vacant* light duty position. Defendant's agreement with the Tampa Benevolent Association allowed police officers who could no longer physically perform their job duties to work on light assignment for up to a year before termination or retirement. (Doc. 43-5 at 98).

Last, Plaintiff argues that the Court did not meaningfully address evidence of non-disabled officers working in comparable assignments that were permitted to work overtime or receive special assignments. (Doc. 53 at 4). To establish a disability discrimination claim, Plaintiff had to establish that "(1) he is disabled; (2)

he is a qualified individual; and (3) he was subjected to unlawful discrimination because of his disability." *Holly v. Clairson Indus., L.L.C.*, 492 F.3d 1247, 1255–56 (11th Cir. 2007).  Plaintiff is not a qualified individual under the ADA or FCRA. Accordingly, there was no need to continue the analysis to analyze whether Plaintiff offered sufficient comparators.

## CONCLUSION

Accordingly, Plaintiff's Motion for Reconsideration (Doc. 53) is **DENIED**.

**ORDERED** in Tampa, Florida, on April 28, 2026.

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE